UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANJOT SINGH, | No. C 06-4875 MHP (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| D. K. SISTO, warden, | |
| Respondent. | |

## INTRODUCTION

Ranjot Singh, an inmate at the California State Prison, Solano, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now before the court for consideration is respondent's unopposed motion to dismiss the petition as time-barred. The court finds that Singh missed the deadline to file a habeas petition by more than three years, grants the motion, and dismisses the action.

## BACKGROUND

Singh entered a no contest plea in Santa Clara County Superior Court in 1998 and was convicted of two counts of attempted murder, two counts of assault with a firearm, assault with a deadly weapon or by means likely to produce great bodily injury, and possession of metal knuckles. He was sentenced in 1999 to a total term of fourteen years and four months in prison. On October 15, 2001, The California Court of Appeal affirmed the judgment of conviction of Singh and a co-defendant named Sahota. A petition for review was filed in the California Supreme Court on behalf of co-defendant Sahota, but there is no evidence of a

1  petition for review being filed on Singh's behalf.  Nonetheless, the California Supreme Court
2  denied review in an order filed January 3, 2002 that indicated there was more than one
3  petition for review filed.  See Resp. Exh. D.
4    Singh filed state habeas petitions.  His petition for writ of habeas corpus in the Santa
5  Clara County Superior Court was filed on March 21, 2003 and denied on April 21, 2003.
6  See Resp. Exh. F and Petition, Exh. A.  More than two years later, he filed another state
7  petition.  His petition for writ of habeas corpus in the California Supreme Court was filed on
8  July 21, 2005 and denied on May 17, 2006.
9    Singh's federal habeas petition was first filed in the Eastern District and then
10 transferred to this district.  The petition was stamped "filed" in the Eastern District on July
11 24, 2006.  The envelope did not come with the petition, so this court cannot determine the
12 date on which the petition was mailed or if it was mailed by petitioner or on his behalf by
13 someone outside prison.
14    Respondent moved to dismiss the petition as time-barred.  Singh did not file an
15 opposition, despite seeking and receiving an extension of time to do so.  He did, however,
16 apparently anticipate a challenge to the timeliness of his petition as the petition includes
17 arguments that purport to explain at least some of the delay.

**DISCUSSION**

19    Petitions filed by prisoners challenging non-capital state convictions or sentences
20 must be filed within one year of the latest of the date on which:  (1) the judgment became
21 final after the conclusion of direct review or the time passed for seeking direct review; (2) an
22 impediment to filing an application created by unconstitutional state action was removed, if
23 such action prevented petitioner from filing; (3) the constitutional right asserted was
24 recognized by the Supreme Court, if the right was newly recognized by the Supreme Court
25 and made retroactive to cases on collateral review; or (4) the factual predicate of the claim
26 could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).
27    The limitations period applicable here is the normal one of § 2244(d)(1)(D), i.e., the
28 date on which the judgment became final.  Singh did not file a petition for review in the

2

1 California Supreme Court after the California Court of Appeal affirmed his conviction. His
2 conviction therefore became final on November 24, 2001, 40 days after the California Court
3 of Appeal affirmed his conviction because that was when the period to seek review expired.
4 See Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002) (limitation period began running
5 day after time to seek discretionary review of California Court of Appeal's decision in the
6 Supreme Court of California expired, which was 40 days after the Court of Appeal filed its
7 opinion) (citing Cal. Rules of Court 24(a), 28(b), 45(a); Cal. Civ. Proc. Code § 12a). His
8 presumptive deadline to file has federal habeas petition therefore was November 24, 2002.
9 Singh's federal habeas petition was not filed until many months after that deadline. Unless
10 he is entitled to some tolling, he is time-barred.

11 The next step is to determine whether any statutory tolling is allowed under 28 U.S.C.
12 § 2244(d)(2), which provides that the one-year limitations period will be tolled for the "time
13 during which a properly filed application for State post-conviction or other collateral review
14 with respect to the pertinent judgment or claim is pending." The time during which a state
15 collateral review application generally is considered pending for purposes of § 2244(d)(2)
16 includes "the intervals between a lower court decision and the filing of a new petition in a
17 higher court." Carey v. Saffold, 536 U.S. 214, 223 (2002). However, the period between the
18 denial of the first state petition and the filing of the second one is not tolled if there is an
19 unreasonable delay between the denial of the first and the filing of the second state petition.
20 See id.; Evans v. Chavis, 546 U.S. 189 (2006). Singh's state habeas efforts started too late to
21 help him. His first state habeas petition was not filed until March 21, 2003, and by then the
22 limitations period had expired and could not be revived.

23 The limitations period can be equitably tolled, but Singh has not shown any basis for
24 equitable tolling of the limitations period in this action. The only potential tolling event the
25 court sees is the time it took Singh to obtain the records for his case from his counsel.
26 However, there is no evidence that he sought the records for his case before March 2005,
27 many years too late to matter. An event that occurs before the limitations period begins
28 cannot toll it.

3

Singh's federal petition was deemed filed on July 24, 2006, because there is no evidence to suggest an earlier filing date than the date the petition was stamped filed. See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001) (pro se prisoner's federal habeas petition is deemed filed when prisoner delivers petition to prison authorities for mailing), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002). By the time Singh filed his federal petition, the habeas statute of limitations had long since expired (having expired on November 2002). Singh missed the one-year habeas statute of limitation deadline by more than two years. His petition must be dismissed under 28 U.S.C. § 2244(d).

Due to the slight ambiguity regarding whether Singh filed a petition for review – there is no evidence that a petition was filed on Singh's behalf, but the California Supreme Court denied the "petitions for review" – the court takes the additional step of showing why it would not aid Singh to have the starting date for the one-year limitations period be based on the denial of the co-defendant's petition for review. Even if the pendency of Singh's co-defendant's petition for review somehow prevented Singh's conviction from becoming final until the denial of the co-defendant's petition for review, the co-defendant's petition for review was denied on January 3, 2002, and that would mean the one-year period began 90 days thereafter, on April 3, 2002 and the presumptive deadline to file the federal petition would have been April 3, 2003. Using a starting date of April 3, 2002 and a presumptive deadline of April 3, 2003, Singh still missed the deadline to file his federal petition because the pendency of his state habeas petitions and the potential equitable tolling event of obtaining his case files did not provide enough tolling of the limitations period to help him. His first state habeas petition was not filed until there were only thirteen days left in his limitations period, and about thirty months passed between the denial of the first and the filing of the second state habeas petition – an unreasonable delay that results in no tolling for the time between the denial of the first and filing of the second petition. The limitations period would have expired thirteen days after the denial of Singh's first state habeas petition on April 21, 2003. Even if he was entitled to tolling for the entire time the state petitions

4

were pending, his limitations period would have expired thirteen days after the denial of the final state petition on May 17, 2006, and he would have missed the deadline by more than two months. As for the potential equitable tolling event of the delay in obtaining his file, there is no evidence that he attempted to obtain the file before March 2005, and by then the limitations period had already expired.

## CONCLUSION

Respondent's motion to dismiss is GRANTED. (Docket # 3.) This action is dismissed because the petition was not filed before the expiration of the habeas statute of limitations period. The clerk will close the file.

IT IS SO ORDERED.

DATED:   July 3, 2007

_____
Marilyn Hall Patel
United States District Judge

5